UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGELIO MAY RUIZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>VILLA,<br><br>　　　　　Defendant. | Case No. 1:20-cv-00480-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO REVOKE PLAINTIFF'S *IN FORMA PAUPERIS* STATUS**<br><br>14-DAY DEADLINE<br><br>Clerk of the Court to Assign a District Judge |

Plaintiff Rogelio May Ruiz, a state prisoner proceeding *pro se*, initiated this action on April 3, 2020. (Doc. 1.) On April 8, 2020, the Court granted Plaintiff's application to proceed *in forma pauperis* (IFP) pursuant to 28 U.S.C. § 1915. (Doc. 7.) Because Plaintiff accrued three "strikes" under section 1915(g) prior to initiating this action and fails to show that he was in imminent danger of serious physical injury at the time he filed suit, the Court recommends that Plaintiff's IFP status be revoked.

**I.    THREE-STRIKES PROVISION OF 28 U.S.C. § 1915**

28 U.S.C. § 1915 governs *in forma pauperis* proceedings. The statute provides, "[i]n *no event shall* a prisoner bring a civil action … under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger

of serious physical injury." 28 U.S.C. § 1915(g) (emphasis added).

## II. DISCUSSION

The Court takes judicial notice of four of Plaintiff's prior actions or appeals that were dismissed because they were frivolous or failed to state a claim on which relief can be granted[1]: (1) *Ruiz v. McGuire*, No. 3:16-cv-00388-AJB-BLM (S.D. Cal.) (dismissed without prejudice on May 9, 2016, for failure to file an amended complaint, after the court dismissed the original complaint for failure to state a claim[2]); (2) *Ruiz v. Curry*, No. 1:17-cv-01454-DAD-SAB (E.D. Cal) (dismissed on May 30, 2018, for failure to state a claim); (3) *Ruiz v. Curry*, No. 1:17-cv-01407-DAD-SKO (E.D. Cal) (dismissed on February 25, 2019, for failure to state a claim); and, (4) *Ruiz v. Curry*, No. 19-16456 (9th Cir.) (dismissed on November 22, 2019, as frivolous). These cases were dismissed before Plaintiff initiated the current action on April 3, 2020. Plaintiff is therefore precluded from proceeding *in forma pauperis* unless, at the time he filed his complaint, he was under imminent danger of serious physical injury. *See Andrews v. Cervantes*, 493 F.3d 1047, 1052-53 (9th Cir. 2007).

Plaintiff's claims stem from an incident that occurred while he was incarcerated at Kern Valley State Prison (KVSP). (*See* Doc. 1 at 1-3.) Plaintiff alleges that the defendant, a correctional officer at KVSP, failed to provide him lunch and subjected him to excessive force on April 11, 2019. (*Id.* at 3.) Plaintiff's allegations fail to show that he was in imminent danger of serious physical injury at the time he initiated this action. Furthermore, Plaintiff was no longer incarcerated at KVSP when he filed his complaint. (*See id.* at 1.)

## III. CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, the Court DIRECTS the Clerk of the Court to assign a district judge to this action and RECOMMENDS that:

1. Plaintiff's *in forma pauperis* status be REVOKED;
2. The court order granting Plaintiff's motion to proceed *in forma pauperis* and directing

---

[1] The Court may take judicial notice of court records. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

[2] When a "court dismisses a complaint on the ground that it fails to state a claim, … the court grants leave to amend, and … the plaintiff then fails to file an amended complaint, the dismissal counts as a strike." *Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017). Furthermore, "[a] dismissal … for failure to state a claim counts as a strike, whether or not with prejudice." *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1727 (2020).

2

the director of the California Department of Corrections and Rehabilitation or his designee to collect payments for the filing fee from Plaintiff's inmate trust account (Doc. 7) be VACATED; and,

3. Plaintiff be required to pay the $400 filing fee in full within 30 days to proceed in this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **July 1, 2020**                              /s/ *Sheila K. Oberto*
                                                UNITED STATES MAGISTRATE JUDGE