UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGELIO MAY RUIZ,<br><br>  Plaintiff,<br><br>  v.<br><br>VILLA,<br><br>  Defendant. | No. 1:20-cv-00480-DAD-SKO (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(Doc. No. 19) |

  Plaintiff Rogelio May Ruiz is a state prisoner appearing *pro se* in this closed civil rights action. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

  On September 2, 2020, the court adopted findings and recommendations issued by the assigned magistrate judge (Doc. No. 9), revoking plaintiff's *in forma pauperis* status and ordering him to pay the filing fee in full within 30 days. (Doc. No. 14.) Plaintiff failed to pay the filing fee within the time provided. Accordingly, on December 15, 2020, the court dismissed this action without prejudice for plaintiff's failure to pay the filing fee. (Doc. No. 17.) The court also denied as moot plaintiff's motion to reinstate his *in forma pauperis* status. (*Id.*)

  On January 15, 2021, plaintiff filed a motion for reconsideration of the court's order of dismissal. (Doc. No. 19.) The court construes plaintiff's filing as a motion for relief from a judgment or order pursuant to Rule 60 of the Federal Rules of Civil Procedure. Under Rule 60,

the court may relieve a party from a final judgement or order "for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud . . . , misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). In addition, when the court denies a motion, a party seeking reconsideration of the court's ruling must show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j).

Plaintiff does not provide justification for relief based on any of the enumerated grounds. Plaintiff contends that the court improperly found that he has accumulated four prior "strike" dismissals pursuant to 28 U.S.C. § 1915(g) when, according to plaintiff, he has accumulated only two. (Doc. No. 19 at 2.) The court has analyzed plaintiff's previously dismissed actions on three separate occasions and found that he has, indeed, accumulated four prior strike dismissals. (Doc. No. 9 at 2, Doc. No. 14 at 2, Doc. No. 17 at 1-2.) Plaintiff provides no new facts or arguments warranting reconsideration of the court's prior finding.

Plaintiff also argues that, by dismissing this action, "this court violated due process rights . . . commit[ed] obstruction of . . . justice" and violated "equal protection rights." (Doc. No. 19 at 1-2.) The court finds this contention to be frivolous.

Based on the foregoing, plaintiff's motion for reconsideration (Doc. No. 19) is denied.

IT IS SO ORDERED.

Dated:   **February 9, 2021**                           /s/ Dale A. Drozd
                                                        UNITED STATES DISTRICT JUDGE